UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEWEENAW BAY INDIAN COMMUNITY,

       Plaintiff,

                                        File No.  2:03-CV-111

v.

                                        HON. ROBERT HOLMES BELL

JAY RISING, et al.,

       Defendants.

                                        /

## **O P I N I O N**

This matter comes before the Court on Plaintiff Keweenaw Bay Indian Community's motion to disallow costs submitted by Defendants. For the reasons that follow the motion will be granted in part and denied in part.

### I.

On September 12, 2005, this Court entered an opinion and order granting Defendants' motion for summary judgment and entering a judgment in their favor. On October 12, 2005, Defendants submitted a bill of costs in the amount of $9,283.63. (Docket # 305). The costs requested reflected fees of the court reporter, deposition transcripts, hearing transcripts, and photo copies. On November 26, 2005, the clerk taxed costs in the amount requested. (Docket # 307). The same day Defendants filed their motion to disallow claimed costs. (Docket # 308).

Costs may be taxed by the clerk on one day's notice, but if a motion is served within five days, the clerk's action may be reviewed by the court.  FED. R. CIV. P. 54(d)(1). Plaintiff's motion for review of the costs taxed by the clerk is timely.

Costs are generally allowed as a matter of course to the prevailing party.  FED. R. CIV. P. 54(d).  The expenses that a federal court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). In reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Public School System*, 360 F.3d 583, 591 (6th Cir. 2004).  The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (citing *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 502 (D. Kan. 1994)).

Allowable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).  "Necessity is determined as of the time of taking, and the fact that a deposition is not

actually used at trial is not controlling." *Id*. *Accord* 10 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2676 (1998).

In this case Defendants have included in their bill of costs $8,169.44 for the depositions of 22 witnesses. Plaintiff objects to all but two of the depositions because only two were attached as exhibits to Defendants' opening brief in support of their motion for summary judgment. In the alternative, Plaintiff contends that the State Defendants are at most entitled to no more than the cost of the five depositions cited by the Court.

There is no requirement that depositions be submitted as evidence by Defendants in order for the transcripts to be taxable as costs. *See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (allowing costs for reproducing documents even though documents were not introduced as evidence to support summary judgment motion); *Symantec Corp. v. CD Micro, Inc.*, No. 02-406-KI(L), 04-227-KI(CON), — F. Supp. 2d —, 2005 WL 1972563, *2 (D.Or. Aug. 12, 2005) ("The fact that items are neither introduced into evidence nor otherwise become part of the official court record does not determine whether that item was necessarily obtained for use in the case.").

Moreover, Plaintiff's argument that depositions that were not cited by Defendants or the Court were not reasonably necessary for use in the case is disingenuous given the fact that Plaintiff sought and noticed half of these depositions and submitted many of them in response to Defendant's motion or in support of its own motions. Depositions that were cited

3

to the court by one party or the other are taxable under § 1920(2). *Johnson v. City of Battle Creek*, — F. Supp. 2d —, 2005 WL 1427716, *1 (W.D. Mich. 2005) (Scoville, M.J.). *See also Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1081 (D. Kan. 2005) (allowing as costs transcripts necessary to withstand opposing party's motion for summary judgment).

The only deposition the Court does not find cited by either of the parties or noticed by Plaintiff is the deposition of Thomas Deasy. Depositions that are merely investigative, preparatory, or useful for discovery are not taxable as costs. *Baker v. First Tennessee Bank Nat. Ass'n*, 142 F.3d 431 (Table), 1998 WL 136560, **5 (6th Cir. 1998); *Hite v. Vermeer Mfg. Co.*, 361 F. Supp. 2d 935, 957-58 (S.D. Iowa 2005). Because the Deasy deposition was not referenced in the parties' briefs, and because Defendants have not responded to Plaintiff's argument that it was not reasonably necessary, the Court cannot determine whether it was necessarily obtained for use at trial or whether it was purely investigative in nature. Accordingly, the Court will disallow the $216.77 for the Deasy deposition transcript.

As to the remaining witnesses, the Court observes that Defendants have included charges in addition to the charge for the deposition transcript itself. While there is some difference in the practice from court to court, case law generally supports this Court's conclusion that additional charges for such items as computer disk copies, minuscripts, keyword indices, exhibit copies and administrative fees are not taxable as costs because they are for the convenience of counsel, rather than a necessity for trial. *See, e.g.*, *United States*

*v. MPM Financial Group, Inc.*, — F. Supp. 2d —, 2005 WL 3021994 (E.D. Ky. Oct. 3, 2005); *Burton,* 395 F. Supp. 2d at 1080;  *Scallet v. Rosenblum*, 176 F.R.D. 522, 528-29 (W.D. Va. 1997); *Andrews v. Suzuki Motor Co.*, 161 F.R.D. 383, 386 (S.D. Ind. 1995).

Defendants' records reflect that at least $790.12 is attributable to these extras, excluding the White deposition and the Deasy deposition.  The White deposition apparently included the extras of a diskette and emailed transcripts.  Although those extras are not itemized on the billing submitted by Defendants, a reasonable estimate for these extras is $150.00.  The Court will accordingly subtract $940.12 from the deposition costs for the extras.

Defendants have also requested $572.69 for transcripts of court hearings. Transcripts of court hearings fall within the scope of § 1920(2), but like depositions, they are only taxable as costs if they were "necessarily obtained for use in the case."  In this case none of the hearings involved the taking of testimony.  It appears that the transcripts were ordered for the convenience of counsel and were not reasonably necessary for use in the case. Accordingly, the $572.69 for transcripts of court hearings will be disallowed.

Allowable costs also include "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Plaintiff objects to Defendant's request for $58.00 for photocopies of the cigarettes seized.  These photocopies were attached to Defendants' motion for summary judgment and were used to illustrate the quantity and uniformity of the packages seized.  Because the identification of these packages

5

as contraband was at issue in this case, the Court is satisfied that the cost attributable to photocopying the pictures was reasonable.

In summary, Plaintiff's motion to disallow costs will be granted in part and denied in part. From the submitted costs of $9,283.63 the Court will subtract $216.77 for the Thomas Deasy deposition, $940.12 for extras associated with the remaining depositions, and $572.69 for transcripts of court hearings. The Court will enter an amended order taxing costs in the amount of $7,554.05.

An order consistent with this opinion will be entered.

Date:   December 22, 2005              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE